UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| NICOLE DELLAPENNA,<br><br>Plaintiff,<br><br>-against-<br><br>CITY OF BATAVIA POLICE DEPARTMENT, et al.,<br><br>Defendants. | 1:26-CV-8507 (LTS)<br><br>TRANSFER ORDER |

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff Nicole DellaPenna, who appears *pro se* and is currently incarcerated in the Albion Correctional Facility,[1] brings this action asserting claims of federal constitutional violations and other claims. She names as Defendants: (1) the City of Batavia Police Department ("BPD"); (2) Tyler Stewart, a BPD police officer; (3) "John Doe #1," an unidentified BPD police officer; (4) "John Doe #2," another unidentified BPD police officer; and (5) "John Doe #3," still another BPD police officer. Plaintiff seeks damages and injunctive relief. The Court construes Plaintiff's complaint as asserting claims under 42 U.S.C. § 1983 and under state law. For the following reasons, the Court transfers this action to the United States District Court for the Western District of New York.

## DISCUSSION

The proper venue for Plaintiff's claims can be found at 28 U.S.C. § 1391, which provides that, unless otherwise provided by law, a federal civil action may be brought in a federal district court for:

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a

[1] Plaintiff filed her complaint commencing this action while incarcerated in the Bedford Hills Correctional Facility.

> substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b). Under this provision, for venue purposes, a "natural person" resides in the federal judicial district where the person is domiciled, and any other "entity with the capacity to sue and be sued," if a defendant, resides in any federal judicial district where it is subject to personal jurisdiction with respect to the civil action in question. *See* § 1391(c)(1), (2).

While the BPD resides in Batavia, Genesee County, New York, which lies within the Western District of New York, *see* 28 U.S.C. § 112(d), Plaintiff does not allege facts showing the other Defendants' residencies, including whether any of them reside within the State of New York, let alone, within this judicial district.[2] Thus, it is not clear that, under Section 1391(b)(1), this court is a proper venue for Plaintiff's claims.

Plaintiff does allege, however, that the events giving rise to her claims arose in Batavia, Genesee County, New York (ECF 1, at 4-6), which, as discussed above, lies within the Western District of New York, *see* § 112(d). Thus, it is clear that, under Section 1391(b)(2), the United States District Court for the Western District of New York is a proper venue for this action.

Under 28 U.S.C. § 1404(a), even if a civil action is filed in a federal district court where venue is proper, a court may transfer the action to any other federal district court where it might have been brought "[f]or the convenience of parties and witnesses, in the interest of justice." 28 U.S.C. § 1404(a). In determining whether transfer is appropriate, courts consider the following

[2] This judicial district, the Southern District of New York, is comprised of the following New York State counties: (1) New York (New York City Borough of Manhattan); (2) Bronx (New York City Borough of the Bronx); (3) Westchester; (4) Dutchess; (5) Rockland; (6) Orange; (7) Putnam; and (8) Sullivan. *See* 28 U.S.C. § 112(b).

10 factors: (1) the convenience of witnesses; (2) the convenience of the parties; (3) the locus of operative facts; (4) the availability of process to compel the attendance of the unwilling witnesses; (5) the location of relevant documents and the relative ease of access to sources of proof; (6) the relative means of the parties; (7) the forum's familiarity with the governing law; (8) the weight accorded to the plaintiff's choice of forum; (9) trial efficiency; and (10) the interest of justice, based on the totality of circumstances. *Keitt v. N.Y. City*, 882 F. Supp. 2d 412, 458-59 (S.D.N.Y. 2011); *see also N.Y. Marine and Gen. Ins. Co. v. LaFarge No. Am., Inc.*, 599 F.3d 102, 112 (2d Cir. 2010) (setting forth similar factors).

Under Section 1404(a), transfer of this action to the United States District Court for the Western District of New York appears to be appropriate. The underlying alleged events occurred, and the Defendants appear to be located, in Genesee County, in the Western District of New York, and it is reasonable to expect that relevant documents and witnesses would also be found within that judicial district. Thus, the United States District Court for the Western District of New York appears to be a more convenient forum for this action. Accordingly, the Court transfers this action to that court. *See* § 1404(a); *D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 106 (2d Cir. 2006) ("District courts have broad discretion in making determinations of convenience under Section 1404(a) and notions of convenience and fairness are considered on a case-by-case basis.").

**CONCLUSION**

The Court directs the Clerk of Court to transfer this action to the United States District Court for the Western District of New York. *See* 28 U.S.C. § 1404(a). Whether Plaintiff should be permitted to proceed further without prepayment of fees is a determination to be made by the

transferee court. Summonses shall not issue from this court. This order closes this action in this court.

The Court certifies, under 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith and, therefore, *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: October 2, 2026
New York, New York

/s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
Chief United States District Judge